ORANGE COUNTY.—HON. R. C. COLEMAN, SURRO-
GATE.—March, 1887.

MATTER OF MILLER.*

*In the matter of the estate of* MARY E. MILLER,
*deceased.*

Legacies to descendants of brothers or sisters of a testator are taxable
under the collateral inheritance tax act, L. 1885, ch. 483.
So are legacies, to persons not exempt, of less than five hundred dol-
lars;—the proviso "that an *estate* which may be valued at a less sum
than five hundred dollars shall not be subject to said duty or tax"
referring to the estate of the decedent, and not to the interest of a leg-
atee or other taker.
In determining what "societies, corporations and institutions" are
"exempted by law from taxation," within the meaning of the act
cited, the rule, that statutes of exemption are to be strictly construed,
does not require that only such societies be deemed exempt as are
declared so to be by their charters; it is enough if the society claiming
the immunity belong to a class exempted by general statute.

ASSESSMENT of collateral tax upon legacies be-
queathed by decedent's will. The facts appear suffi-
ciently in the opinion.

E. A. BREWSTER, *for legatee, J. B. Miller.*

SCOTT & HIRSCHBERGH, *for Home, Hospital and Church.*

THE SURROGATE.—John H. Miller is a nephew of
the deceased, and it is claimed, on his behalf, that the
legacy and devise to him come within the excepted
classes, he being a lineal descendant of a brother of
the decedent.

* Affirmed at July Gen. Term, 2d Department.

MATTER OF MILLER.

The persons excepted from taxation are : " father, mother, husband, wife, children, brother and sister and lineal descendants born in lawful wedlock, and the wife or widow of a son and the husband of a daughter, and the societies, corporations and institutions now exempt from taxation." It is urged that the words, " lineal descendants," etc., refer to brother and sister, they being the immediate antecedents; that the punctuation by commas groups these words " with brother and sister," so that the best grammatical construction makes them to relate to " brother and sister ; " and that these words cannot refer to the decedent, because " children " (which word has been held to include grandchildren) have already been mentioned.

We do not have to read far in this act, before we see that it is most inaccurately and obscurely drawn. By referring to the second section, where the excepted classes are undertaken to be again enumerated, we find " the husband of a daughter " entirely omitted, and the words, " lineal descendants" following " the widow of a son" separated only by a comma. And, again, in the ninth section, " children " and " lineal descendants " are entirely omitted. A strict and grammatical construction, which will harmonize all the sections, cannot be adopted. We must rather seek for the general purpose and intent of the act, without reference to the strict rules of grammar. When the application of grammatical rules gives a forced and unreasonable construction, and imparts a meaning contrary to the evident general purpose and

scope of an act, the common and obvious sense, rather than the grammatical sense, should be followed.

The evident intent of this act is to tax all legacies not given to persons who are either very nearly related to, or who might been have dependent on the decedent. A grandfather, grandmother and cousins are not excepted, nor a grandchild, either, unless we find that the words, "lineal descendants" refer to the decedent, for the cases in which the courts have held the word "children" to include more remote descendants are cases where the courts were able to gather from a will such an intent. I doubt if such a construction has ever been given a statute.

The tax is imposed by the first section, and there only can we ascertain who are to be taxed. It is only proper to look to the other sections to seek the mind of the legislature. By so doing, we see, by the arrangement of the words "lineal descendants," in the second section, that they did not intend these words to relate to "brother and sister" alone, but either to the descendant, or to all the preceding classes. The effect of holding that descendants of brothers and sisters are intended to be excepted would be to exempt those descendants to the remotest generation,—in other words, make a more favorable provision for them in this matter than the law makes for them in the distribution of estates. I cannot suppose the legislature so intended.

While it is a rule of construction that words of relative meaning usually refer to the immediate antecedent, that is not always the case. Sometimes the antecedent, is understood. The words, "father,"

" mother," down to and including " brother and sister and lineal descendants," etc., are all used as relative words or clauses, the antecedent not being expressed but understood,—so that if we supply what is plainly intended after each word or clause, which is punctuated off by commas, we have : "father of the decedent," "mother of the decedent," "brother and sister and lineal descendants born in lawful wedlock of the decedent," etc., etc. This seems to me to be the correct construction, and gives a meaning which harmonizes with the general purposes of the act. I am, therefore, of the opinion that legacies to descendants of brothers and sisters are taxable.

The testatrix has given several legacies of five hundred dollars, and of less amounts; and it is claimed, on behalf of these legatees, that such legacies are exempted by the last clause of the first section of that act, which reads as follows : " Provided that an estate, which may be valued at a less sum that five hundred dollars shall not be subject to said duty or tax." Estates as an entirety, have not been mentioned in the preceding part of the act, but rather, gifts, grants, legacies, etc., yet the word, " estate " seems to be used in the ordinary and general sense, and is used to exempt the estates of decedents, whose whole estate does not exceed $500, rather than in the limited sense so as to exempt all gifts, grants, legacies, etc., which do not amount to $500. This meaning of the word " estate " is somewhat supported by the phraseology of the preceding part of the section, where the rate of the taxation is fixed. It reads : " Subject to a tax of five dollars on every

hundred dollars of the clear market value of such property, and at and after the same rate for any less amount." The words "for any less amount" probably refer to fractional parts of a hundred dollars; but I do not think that is the only meaning to be given them.

The testatrix, by her will, gives a legacy of $4,000 to the home for the friendless in Newburgh, another to the Saint Thomas church of New Windsor, of $5,000, and another to the St. Luke's home and hospital, of Newburgh, of $2,000. These legacies, it is claimed, are exempt from the tax imposed by this act, as coming within the excepted "societies, corporations and institutions, now exempt by law from taxation." The home for the friendless is a corporation organized under the act passed April 7th, 1862, and its object is declared to be "by the publication and diffusion of books, papers and tracts, and by other moral and religious means, to prevent vice and moral degradation, and maintain houses of industry and homes for the relief of friendless, destitute, or unprotected females and for friendless and unprotected children." The act does not contain any provision exempting its property from taxation. The St. Luke's home and hospital is a corporation organized under the general act for the formation of benevolent and charitable societies (L. 1848, ch. 319). The home and hospital is maintained as an alms house and hospital for the poor, and it is supported entirely by charity. The act does not exempt the property of corporations formed under it from taxation. The St. Thomas church is a religious society, formed under

the general laws relating to such societies. It is not claimed, for these societies, that they have any other exemption than such as are contained in the general act relating to the taxation of property.

Now, by 1 R. S., 387, § 1, "all lands and all personal estate within this State, whether owned by individuals, or by corporations shall be liable to taxation, subject to the exemptions hereinafter specified. The exemptions are set forth in § 4. In subd. 3 of that section, "every building for public worship" is exempted. Subd. 4 exempts "every poor house, alms house, house of industry, and every house belonging to a company incorporated for the reformation of offenders, or to improve the moral condition of seamen, and the real and personal property used for such purposes, belonging to, or connected with the same." Stocks owned by charitable institutions are also exempted by subd. 6, and by subd. 7 the personal estate of every incorporated company not made liable by the fourth title of the chapter. The fourth title relates to corporations organized for business and other profitable purposes. These seem to be the only statutes relating to the taxation of these societies; and it is from these that it must be determined whether such societies are "now exempted by law from taxation."

While, in considering statutes of exemption, the rule of strict construction must be applied, still, I do not think the rule should be so strictly applied as to require that the societies must be so exempted by their charters; it is sufficient, if it comes under some class exempted by general statute, and I am of

opinion that, under the statutes above quoted, the home for the friendless and the St. Luke's hospital are societies now exempt from taxation (People v. Commissioners, 36 *Hun*, 311), and, therefore, that the legacies to them are not subject to the inheritance tax. As to the St. Thomas church, I am of a different opinion. Its building for public worship is, undoubtedly, exempt from taxation, but there is no such general exemption as to make it a society by law exempt. This legacy should, therefore, be assessed.